UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JEAN CAMPBELL,

*Plaintiff-Appellant,*

v.

BP AMOCO POLYMERS, INCORPORATED,
*Defendant-Appellee,*

and

BP AMOCO CORPORATION, an Indiana
Corporation; BP AMOCO CHEMICAL
COMPANY, a Delaware Corporation,
*Defendants.*

No. 02-1814

JEAN CAMPBELL,

*Plaintiff-Appellant,*

v.

BP AMOCO POLYMERS, INCORPORATED,
*Defendant-Appellee,*

and

BP AMOCO CORPORATION, an Indiana
Corporation; BP AMOCO CHEMICAL
COMPANY, a Delaware Corporation,
*Defendants.*

No. 02-1924

JEAN CAMPBELL,

*Plaintiff-Appellee,*

v.

BP AMOCO POLYMERS, INCORPORATED,
*Defendant-Appellant.*

No. 03-1409

Appeals from the United States District Court
for the District of South Carolina, at Rock Hill.
Terry L. Wooten, District Judge.
(CA-00-810)

Submitted: August 5, 2003

Decided: September 11, 2003

Before WIDENER, MICHAEL, and GREGORY, Circuit Judges.

No. 02-1814 and No. 02-1924 affirmed and No. 03-1409 dismissed
by unpublished per curiam opinion.

**COUNSEL**

C. William Michaels, Baltimore, Maryland; Stephine M. Wells,
WELLS & HOPKINS, Chula Vista, California, for Appellant. Lisa D.
Freeman, BP AMERICA, INC., Warrenville, Illinois; Ingrid B.
Erwin, NEXSEN, PRUET, JACOBS & POLLARD, Greenville,
South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Jean Campbell filed suit against BP Amoco Polymers, Inc., BP Amoco Corp., and BP Amoco Chemical Co., alleging that her April 1999 termination was based on gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2002), and South Carolina public policy. (J.A. 32-39). Following a jury trial, the district court entered judgment in favor of BP Amoco Polymers. Campbell filed a timely notice of appeal. The district court subsequently denied Campbell's post-trial motions. Campbell filed a second notice of appeal. The two appeals were consolidated in Nos. 02-1814 and 02-1924.

BP Amoco Polymers has filed a cross-appeal of the district court's order granting a stay in the execution of the judgment pending appeal and denying BP Amoco Polymers' petition for attorney's fees, with leave to refile when Campbell's appeal is no longer pending in this Court. BP Amoco Polymers' cross-appeal, No. 03-1409, has been consolidated with Campbell's appeals.

BP Amoco Corp. and BP Amoco Chemical Co. filed motions to dismiss in which they alleged BP Amoco Polymers was Campbell's sole employer and they were entitled to dismissal as party defendants. In a report and recommendation, the magistrate judge construed the motion to dismiss as a motion for summary judgment because it considered matters outside the pleadings and determined BP Amoco Polymers was Campbell's sole employer. The magistrate judge recommended dismissing BP Amoco Corp. and BP Amoco Chemical Co. as party defendants without prejudice so that Campbell could file a motion to reinstate either or both corporations as party defendants should the evidence adduced through discovery so warrant. The district court adopted the report and recommendation.

BP Amoco Polymers filed a motion for summary judgment alleging Campbell's claims were barred because she executed a Special Resignation Agreement that contained a release of all claims arising out of her employment with BP Amoco Polymers. In a report and rec-

ommendation, the magistrate judge recommended denying BP Amoco Polymers' motion for summary judgment. BP Amoco Polymers filed objections to the report and recommendation. Campbell did not file objections. The district court adopted the report and recommendation and denied BP Amoco Polymers' motion for summary judgment.

Before trial, Campbell filed several motions in limine, including a motion seeking to exclude evidence regarding the executed Special Resignation Agreement. The district court held an evidentiary hearing and denied Campbell's motion. The case proceeded with an eight-day jury trial. The district court denied Campbell's Fed. R. Civ. P. 50(a) motion for judgment as a matter of law at the close of all the evidence. The jury determined the parties entered into a Special Resignation Agreement dated May 3, 1999 that barred Campbell from recovery. The district court denied Campbell's post-trial motions for judgment as a matter of law or, alternatively, for a new trial.

On appeal, Campbell argues: (1) the district court erred in failing to rule as a matter of law when it considered the summary judgment motion that the Special Resignation Agreement was not effective; (2) the district court abused its discretion by not granting Campbell's motion in limine to exclude the Special Resignation Agreement; (3) the district court abused its discretion when it failed to grant Campbell's Rule 50(a) motion for judgment as a matter of law at the close of all the evidence; (4) the district court erred when it failed to grant Campbell's Rule 50(b) motion for judgment as a matter of law following the verdict; (5) the district court abused its discretion in failing to grant Campbell's Rule 59 motion for a new trial because the verdict was against the weight of the evidence before the jury; and (6) the district court erred when it granted BP Amoco Corp. and BP Amoco Chemical Company's motions to dismiss. In its cross-appeal, BP Amoco Polymers argues: (1) the district court erred in failing to consider the merits of its petition for attorney's fees, costs and expenses; (2) the district court erred in failing to award costs; and (3) the district court erred in failing to award attorney's fees, costs and expenses because the parties had a binding agreement.

First, Campbell asserts the district court erred in failing to rule as a matter of law that the Special Resignation Agreement was ineffective when it considered the summary judgment motions. To the extent

Campbell contends the court should have granted summary judgment in her favor on this issue, we need not review the court's pre-trial determination, as Campbell received a full trial, offering her various avenues through which to challenge the court's ruling, several of which Campbell exercised. *See Chesapeake Paper Prods. Co. v. S&W Engineering*, 51 F.3d 1229, 1237 (4th Cir. 1995). We address those challenges, under the appropriate standards, below.

Second, Campbell asserts the district court erred when it denied her motion in limine seeking to exclude the Special Resignation Agreement. We review a district court's ruling on such a motion in limine for abuse of discretion. *Malone v. Microdyne Corp.*, 26 F.3d 471, 480 (4th Cir. 1994). We have reviewed the record and find no abuse of discretion.

Third, Campbell argues the district court erred in denying her motion for judgment as a matter of law under Fed. R. Civ. P. 50(a) at the close of all the evidence. Judgment as a matter of law is appropriate if "there is no legally sufficient evidentiary basis for a reasonable jury to find" in favor of a party. Fed. R. Civ. P. 50(a)(1). We review the district court's denial of a motion for judgment as a matter of law de novo. *Private Mortgage Inv. Servs., Inc. v. Hotel & Club Assocs., Inc.*, 296 F.3d 308, 311-12 (4th Cir. 2002). We view the evidence in the light most favorable to the non-moving party. *Id.* We have reviewed the record and find no error.

Fourth, Campbell argues the district court erred in denying her post-trial motion for judgment as a matter of law. Following trial, Campbell filed a motion titled "Motion for Judgment Not Withstanding the Verdict or Alternatively for New Trial." The district court construed the motion for judgment not withstanding the verdict as a renewed motion for judgment as a matter of law under Fed. R. Civ. P. 50(b) and denied the motion.

We review the district court's denial of a Rule 50(b) motion de novo. *South Atl. Ltd. P'ship of Tenn., L.P. v. Riese*, 284 F.3d 518, 532 (4th Cir. 2002). "A district court should grant a Rule 50(b) motion only if the court 'determines, without weighing the evidence or considering the credibility of the witnesses, that substantial evidence does not support the jury's findings.'" *Id.* (quoting *Konkel v. Bob Evans*

*Farms Inc.*, 165 F.3d 275, 279 (4th Cir. 1999)). We view the evidence in the light most favorable to the prevailing party. *Id.* We have reviewed the record and find no reversible error.

Fifth, Campbell asserts the district court erred when it denied her motion for a new trial. We review the district court's denial of a motion for a new trial under Fed. R. Civ. 59(a) for abuse of discretion. *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998). A new trial will only be granted in three circumstances: (1) if the verdict is against the clear weight of the evidence; (2) is based upon false evidence; or (3) will result in a miscarriage of justice. *Id.* We have reviewed the record and find no reversible error.

Finally, Campbell asserts the district court erred when it dismissed BP Amoco Corp. and BP Amoco Chemical Co. as defendants. Campbell asserts the names of the companies were used interchangeably at trial and that persons from these corporate entities were involved in the decision to terminate her. We have reviewed the district court's order accepting the report and recommendation of the magistrate judge and find no error in the dismissal of BP Amoco Corp. and BP Amoco Chemical Co. as party defendants. Accordingly, we affirm the district court orders at issue in Campbell's appeals in Nos. 02-1814 and 02-1924 in all respects.

In BP Amoco Polymers' cross appeal, it seeks to appeal the district court's order granting a stay of execution of the judgment and denying its motion for attorney's fees and expenses, with leave to refile, pending this appeal. We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2000), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2000); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). The district court denied BP Amoco Polymers' petition for attorney's fees with leave to refile when Campbell's appeal is no longer pending in this Court. Because the district court has not entered a final order ruling on BP Amoco Polymers' motion, the cross-appeal is interlocutory and not subject to appellate review. We therefore dismiss BP Amoco Polymers' appeal in No. 03-1409. We grant Campbell's counsel's motion to withdraw. We grant the motion to submit on briefs and dispense with oral argument because the facts and legal contentions are ade-

quately presented in the materials before the court and argument would not aid the decisional process.

Nos. 02-1814 & 02-1924 - *AFFIRMED*
No. 03-1409 - *DISMISSED*